**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINA PASSIMENT,<br><br>Plaintiff,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>Defendant. | CIVIL ACTION<br><br><br>Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, Defendant PNC Bank, N.A., ("PNC"), hereby files this Notice of Removal of the above-named action from the Court of Common Pleas of Wayne County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. In further support of this Notice of Removal, PNC states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.      On June 11, 2019, plaintiff Christina Passiment ("Plaintiff") initiated this action by filing a complaint (the "Complaint") against PNC in the Court of Common Pleas of Wayne County, Pennsylvania, which is styled *Christina Passiment v. PNC Bank, N.A.*, No. 262-Civil-2019.

2.      A true and correct copy of the Complaint is attached hereto as Exhibit A. Exhibit A constitutes all of the process, pleadings, and orders

served in this case and is attached hereto pursuant to 28 U.S.C. § 1446(a). PNC has not answered, moved or otherwise responded to the Complaint.

3.     In the Complaint, Plaintiff asserts claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*  (*See generally* Compl.)

4.     Plaintiff bases those claims on PNC's alleged placing of telephone calls to her cellular telephone without her alleged prior express consent.  (*See, e.g.*, Compl. at ¶¶ 12, 18.)

5.     Plaintiff alleges PNC harmed her by trespassing upon and interfering with her rights and interests in her cellular telephone, intruded upon her seclusion, and made such calls not for "emergency purposes."  (*Id.* at ¶¶ 14-15, 17.)

6.     Plaintiff alleges to be entitled to $500.00 in statutory damages for each and every telephone call purportedly placed by PNC to her cellular telephone and alleges to be further entitled to increased damages as PNC allegedly placed these telephone calls willfully and/or knowingly.  (*Id.* at ¶¶ 20-22, *ad damnum* clause.)

## **PARTIES**

7.     Plaintiff is a citizen of the Commonwealth of Pennsylvania.  (*See* Compl. at ¶ 4.)

8.     PNC is a national bank chartered under the National Bank Act. PNC's main office is located in Delaware and its principal place of business is located in Pennsylvania.

## TIMELINESS OF REMOVAL

9.     Plaintiff filed her Complaint on June 11, 2019.

10.     Plaintiff served PNC with a copy of the Complaint on June 17, 2019.

11.     PNC filed this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint.

12.     Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

13.     Removal is appropriate under 28 U.S.C. § 1331 as Plaintiff asserts claims in violation of a federal statute, the TCPA, 47 U.S.C. § 227, *et seq*.

## I.     Removal under 28 U.S.C. § 1331 – Federal Question Jurisdiction

14.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are founded on a claim or right arising under the laws of the United States.

15.     Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the

laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

16.     Plaintiff alleges PNC violated the TCPA.  *See* Compl. at Count I.

17.     This Court has jurisdiction over all claims brought under this federal statute and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

18.     Accordingly, this action is one over which this District Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. § 1331.

## REMOVAL TO THE
## MIDDLE DISTRICT OF PENNSYLVANIA IS PROPER

19.     Under 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Pennsylvania is the proper venue for removal of jurisdiction because it embraces the place where this action remains pending.

## NOTICE TO STATE COURT AND PLAINTIFF

20.     The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

21.     Counsel for PNC certifies, pursuant to 28 U.S.C. § 1446(d), that copies of this Notice of Removal will be filed with the Court of Common Pleas of Wayne County, Pennsylvania, and served promptly upon Plaintiff.  A true and correct copy of PNC's Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit B.

22.	By filing this notice of removal, PNC does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, and/or improper venue, in this Court or in the court from which this action has been removed.

**WHEREFORE**, Defendant PNC Bank, N.A. hereby removes the case now pending in the Court of Common Pleas of Wayne County, Pennsylvania, No. 262-Civil-2019, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441.

Dated: July 16, 2019                    Respectfully submitted,

*/s/ Jenny N. Perkins*
Jenny N. Perkins, Esquire
perkinsj@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
T: 215.665.8500
F: 215.864.8999

*Attorneys for Defendant,*
*PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 16, 2019, I caused a true and correct copy of the foregoing to be served by First Class Mail, postage prepaid, and ECF upon the following:

Brett Freeman, Esquire
Sabatini Freeman, LLC
216 North Blakely Street
Dunmore, PA 18512

*Attorney for Plaintiff*

Dated: July 16, 2019

/s/ *Jenny N. Perkins*
Jenny N. Perkins